IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TIMOTHY E. KNOEPPEL, § | |
| § | |
| *Petitioner*, § | |
| § | |
| v. § | Civil Action No.  SA-10-CV-153-XR |
| § | |
| RICK THALER, BRAD LIVINGSTON, § | |
| OSCAR MENDOZA, DIANA O. KUKUA, § | |
| ROGER D. PAWELEK, JAMES S. HALES, § | |
| BELINDA G. CRUZ, KAREN C. § | |
| LONGORIA, MARY BENAVIDEZ, D. § | |
| FERNANDEZ, § | |
| § | |
| *Respondents*. § | |

**ORDER**

On this date, the Court considered the Magistrate Judge's Memorandum and Recommendation (Docket Entry No. 37), and Plaintiff's objections thereto (Docket Entry No. 42), concerning Plaintiff's application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a state prison disciplinary sanction.  After careful consideration, the Court ACCEPTS the Magistrate Judge's recommendation and DISMISSES the case.

**I. Background**

Petitioner Timothy Knoeppel seeks to challenge a disciplinary proceeding in which he claims that his procedural and substantive due process rights were violated.  Petitioner asks the Court to provide declaratory and injunctive relief.

Petitioner pled guilty to felony driving while intoxicated in the 22nd Judicial District Court of Comal County, Texas.[1]  Petitioner initially received probation, but on February 7, 2008, his

---

[1]*State v. Knoeppel*, No. CR2003-173 (22nd Dist. Ct., Comal County, Tex. Feb. 7, 2008).

probation was revoked and he was sentenced to serve five years in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). While incarcerated at the Garza West Unit in Beeville, Texas, Petitioner was charged with engaging in a fight with another inmate on October 28, 2008.[2] Following notice of a hearing and a hearing before Captain J. Hales, Petitioner was found guilty on November 3, 2008, and punished by reprimand, a loss of 45 days of recreation and commissary privileges, and a reduction in class from L1 to L2.[3]

## II. Procedural Background

Petitioner initially applied for a Writ of Habeas Corpus in the Southern District of Texas on October 30, 2009, under 42 U.S.C. § 1983. He then wrote the court, expressing his intent to amend his habeas application to be filed under a 28 U.S.C. § 2254 instead. The petition was filed in the Southern District of Texas on January 5, 2010. On February 22, 2010, the case was transferred to this district based upon the absence of jurisdiction in the Southern District.

## III. Magistrate Judge's Memorandum and Recommendation

Magistrate Judge John W. Primomo determined that Petitioner has failed to state a constitutional claim for the denial of due process.[4] The Magistrate Judge did not find that the requisite liberty or property interest existed with regard to the loss of recreation and commissary

---

[2]Tex. Dep't of Criminal Justice, *Disciplinary Report & Hearing Record*, Case No. 20090057383 (offense date Oct. 26, 2008) (regarding a fight between Timothy Knoeppel and Richard Orosco).

[3]Class is the determinative factor in the accrual rate of "good conduct time." When an inmate is admitted to the Texas Department of Criminal Justice, they are given an L1 ranking and generally receive 15 good conduct days for every month spent at this classification. As classification is decreased, so is the rate at which good conduct time is earned.

[4]Mem. & Recommendation, Mar. 4, 2010 (Docket Entry No. 37).

privileges or a reduction in class. The Magistrate Judge then reviewed the presumed loss of good conduct time and determined that the perceived loss was simply an error from when the Petitioner's class was retroactively reduced to L2. Thus, the Magistrate Judge recommended that the Petitioner's application be dismissed.

## IV. Petitioner's Objections

Petitioner objected to the Magistrate Judge's Memorandum and Recommendation, claiming the issue was not a perceived loss of good conduct time but rather a denial of an opportunity to be reviewed for parole because of a reduction in class.[5] Petitioner does not assert that there is a vested right to parole, but rather, there is a right to being *eligible* for parole.

## V. Standard of Review

Since there was a timely objection to the Magistrate Judge's Memorandum and Recommendation, the Court reviews the Magistrate Judge's recommended disposition *de novo*.[6] Such a review means that the Court will examine the entire record and will make an independent assessment of the law.

## VI. Analysis

Section 2254 of Title 28 provides an avenue of relief for a person in custody pursuant to the judgment of a State court only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.[7] This claim revolves around punishment imposed in a prison disciplinary proceeding. In particular, Petitioner is asserting that his Fourteenth

---

[5] Petitioner's Objections, Mar. 26, 2010 (Docket Entry No. 42).

[6] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; L.R. CV-72 (W.D. Tex.).

[7] 28 U.S.C. § 2254.

Amendment Due Process rights were violated both substantively and procedurally. For a petitioner to succeed under a Fourteenth Amendment Due Process claim, he must prove there was a violated liberty or property interest that was conferred by the Constitution or laws of the United States.[8] An interest may also be recognized when a state creates a right, and the revocation of such a right is an authorized sanction for misconduct.[9] In such a case, a prisoner's interest is then within the Fourteenth Amendment's liberty concerns and entitles him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.[10]

**A. The Right to Recreation and Commissary Privileges, No Reduction in Classification, and Good Conduct Time**.

With regard to the Petitioner's loss of recreation and commissary privilege as well as the reduction in class, there is no constitutionally protected right. These are merely conditions of the confinement the petitioner is under. In a prison setting, a liberty interest will be generally limited to freedom from restraint that imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life.[11] Simply because a state takes punitive action does not mean,

---

[8]This Court is not required to discern whether or not Petitioner exhausted his remedies in State court as he has failed on the merits of Section 2254 alone. *See Garland v. Schriro*, No. Civ 03-1072-PHX-ROS (DKD), 2006 WL 1734374, at *4 (D. Ariz. Jun 19, 2006) ("Under 28 U.S.C. § 2254(a)(2) regardless of whether a petitioner has exhausted his state remedies, his petition may be denied on the merits.").

[9]*Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

[10]*Id.*

[11]*Sandin v. Conner*, 515 U.S. 472, 484 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

necessarily, that it encroaches upon a liberty interest under the Due Process Clause.[12]

Petitioner's claims cannot be said to impose atypical and significant hardships on him. Rather, discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law.[13] Petitioner's loss of commissary and recreation privileges as well as his reduction in class are merely changes in conditions of confinement and do not implicate due process concerns.[14]

Because Petitioner's reprimands do not implicate a liberty or property interest that is constitutionally protected, this Court does not need to go further into those complaints except to say that there is no due process violation. Additionally, Petitioner does not challenge the Magistrate Judge's determination that the loss in Good Conduct Time reflected between Petitioner's exhibit "m" and "n" is merely an error; therefore, this Court can also affirm the Magistrate Judge's memorandum on that ground.

**B. The Right to Eligibility for Parole.**

However, Petitioner also asserts that his due process rights were violated by depriving him of the eligibility of being reviewed by the parole board. Petitioner does not assert, and cannot assert, that there is a constitutional right to parole.[15] Rather, Petitioner asserts that when he was reduced

---

[12]*Id*.

[13]*Id*.

[14]*See Malchi v. Thaler*, 211 F.3d 953, 958–59 (5th Cir. 2000) (no constitutional right to a particular time earning status); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (commissary restrictions do not implicate due process); *Pichardo v. Kinker*, 73 F.3d 612 (5th Cir. 1996) (restrictions on recreation do not implicate due process).

[15]If the decision maker is not "required to base its decisions on objective and defined criteria," but instead "can deny the requested relief for any constitutionally permissible reason or for

to a L2 classification from a L1 classification, he was categorically denied the right to be eligible for parole. The determinative issue for this Court is whether the eligibility for subsequent parole reviews is a constitutionally-protected right.

The Texas Legislature has permitted the Texas Board of Pardons and Paroles to adopt reasonable rules related to parole eligibility, the conduct of a parole hearing, or parole conditions.[16] According to such power, the Board has adopted requirements regarding an inmates eligibility for parole. One such rule is that other than on the initial parole eligibility, at the time he is reviewed for parole, the inmate must be classified in the same or higher time earning classification assigned during that person's initial entry into TDCJ-ID.[17] The Texas Legislature has stated that any inmate not within a previously-excluded category is eligible for release on parole when the inmate's actual calendar time served, plus good conduct time equals one-fourth of the sentence imposed or fifteen years, which ever is less.[18] This initial review may be a right created by the state and subject to constitutional protection as found in *Wolff v. McDonnell*. However, this cannot be read in isolation to mean that from that time on, any inmate has an unfettered right to be eligible for parole. Rather, it must be read in conjunction with the Board of Pardons and Paroles's properly-promulgated rule regarding eligibility for any subsequent review.

---

no reason at all," the State has not created a constitutionally protected liberty interest. *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 466–67 (1981). The parole decision maker is vested with complete discretion to grant or to deny parole release. 37 TEX. ADMIN. CODE § 145.3(1) (Texas Board of Pardons and Paroles, Parole Process).

[16] TEX. GOV'T CODE ANN. § 508.0441(c) (Vernon 2004).

[17] 37 TEX. ADMIN. CODE § 145.3(3)(b) (2010) (Texas Board of Pardons and Paroles, Parole Process).

[18] TEX. GOV'T CODE ANN. § 508.145(f) (Vernon Supp. 2009).

Given that the Petitioner has had at least one review by the parole panel, he has been given his statutorily-granted initial eligibility for parole.[19] Currently, Petitioner will not be eligible for any further review because when he entered in to the TDCJ-CID, he was initially classified as an L1 and is now classified as an L2. This is not a violation of an constitutionally-protected liberty as it perfectly complies with the laws and regulations of the state and its agencies. As such, there is no constitutionally-protected liberty interest that the Petitioner has been denied and therefore due process concerns are not implicated.

### VII. Conclusion

For the foregoing reasons, the recommendation of the Magistrate Judge is ACCEPTED. Petitioner Knoeppel's Petition for Writ of Habeas Corpus is DISMISSED and the certificate of appealability is DENIED.

It is so ORDERED.

SIGNED this 25th day of May, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[19]Petitioner's Complaint, Exhibit "P."